IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE DEBERRY, | No. 2:14-CV-1905-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| J. HABEDANK, | |
|     Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) plaintiff's motion for leave to amend with attached proposed first amended complaint (Doc. 15); (2) defendant's motion for summary judgment (Doc. 16); (3) plaintiff's "Motion for Continuance" (Doc. 17) seeking an extension of time to file an opposition to defendant's motion for summary judgment; and (4) plaintiff's motion for appointment of counsel (Doc. 18).[1]

///

---

[1] Also appearing on the court's docket is plaintiff's opposition to defendant's motion for summary judgment, captioned "Motion for Rebuttal of Defendant's Motion for Summary Judgment" (Doc. 21), and erroneously docketed as an independent motion. The Clerk of the Court will be directed to terminate this filing as a pending motion.

1

Plaintiff seeks leave to amend the original complaint in this matter. Attached to his motion is a proposed first amended complaint. Plaintiff's motion will be denied as unnecessary because leave of court to amend the complaint is not required in this instance. Under Federal Rule of Civil Procedure 15(a)(1)(B), plaintiff may amend his complaint as of right within 21 days of service of defendant's answer. The docket reflects that defendant's answer was served and filed on February 18, 2015, and plaintiff's proposed amended complaint was filed on the same day. Because the amended complaint was filed on the same day the answer was served, it was filed within the 21-day window allowed in Rule 15(a)(1)(B) and leave of court is not required. The Clerk of the Court will be update the docket to reflect that plaintiff's first amended complaint was filed on February 18, 2015 – the date the proposed amended complaint was filed on the docket with plaintiff's motion. Defendant, who has waived service of process, will be required to file an answer to the amended complaint.[2]

Plaintiff also seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be

---

[2] Under Federal Rule of Civil Procedure 12, a responsive pleading to a complaint is generally an answer except as to certain inapplicable enumerated defenses specified in Rule 12(b), which may be raised by motion. Therefore, defendant's motion for summary judgment, raising an issue not enumerated in Rule 12(b), is not construed as defendant's answer to the amended complaint. The motion will be stricken as premature, without prejudice to re-filing after an answer to the amended complaint has been filed. The court by this action expresses no opinion on the merits of defendant's motion, only the timing given the unanticipated filing of an amended complaint. Plaintiff's "Motion for Continuance" will be denied as moot.

viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  First, the legal issue involved in this case – whether defendant used excessive force in violation of the Eighth Amendment – involves well-established law and is not overly complex.  Second, plaintiff has demonstrated a sufficient ability to articulate his claim on his own in light of the lack of complexity of the legal question involved.  Finally, the court cannot say at this early stage of the proceeding that plaintiff has any particular likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (Doc. 15) is denied as unnecessary;

2. The Clerk of the Court is directed to file the first amended complaint attached to plaintiff's motion for leave to amend;

3. Defendant shall file an answer to plaintiff's first amended complaint within 30 days of the date of this order;

4. Defendant's motion for summary judgment (Doc. 16) is stricken without prejudice as premature;

5. Plaintiff's "Motion for Continuance" (Doc. 17) is denied as moot;

6. Plaintiff's motion for appointment of counsel (Doc. 18) is denied; and

7. The Clerk of the Court is directed to correct the docket to terminate Doc. 21 as a pending motion.

DATED:  September 28, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE